AF Approval _M̸M̸M̸G̸_                           Chief Approval _Jes_

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:19-cr-219-Orl-37DCI

TODD JOSEPH SIMMERMAN

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Maria Chapa Lopez, United States Attorney for the Middle District of

Florida, and the defendant, TODD JOSEPH SIMMERMAN, and the

attorney for the defendant, Charles E. Taylor, Jr., Esquire, mutually agree as

follows:

**A.**   **Particularized Terms**

1.   Counts Pleading To

The defendant shall enter a plea of guilty to Counts Three, Four,

and Seven of the Indictment.  Counts Three and Four charge the defendant

with sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and

(e).  Count Seven charges the defendant with committing a felony offense

involving a minor while being required to register as a sex offender, in

violation of 18 U.S.C. § 2260A.

Defendant's Initials _____

2. <u>Minimum and Maximum Penalties</u>

Counts Three and Four are each punishable by a mandatory minimum term of imprisonment of 15 years up to 30 years, a fine of not more than $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100 per felony count. Count Seven is punishable by a mandatory minimum term of imprisonment of 10 years, to be served consecutive to the sentenced imposed on Counts Three and Four. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving sexual exploitation and other abuse of children.

3. <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Counts Three and Four are:

First:     An actual minor, that is, a real person who was less than 18 years old, was depicted;

Defendant's Initials _____     2

Second:     The defendant used, persuaded, induced,
enticed or coerced the minor to engage in
sexually explicit conduct for the purpose of
producing a visual depiction of the conduct;
and

Third:      the defendant knew or had reason to know
that the visual depiction would be transported
in interstate or foreign commerce, or the
visual depiction was produced using
materials that had been mailed, shipped or
transported in interstate or foreign commerce
by any means, including by computer, or the
visual depiction was mailed or actually
transported in interstate or foreign commerce.

The elements of Count Seven are:

First:      The defendant was required by the laws of
Florida to register as a sex offender when he
committed the felony offenses involving a
minor as charged in Counts Three and Four
of the Indictment.

4.    Counts Dismissed

At the time of sentencing, the remaining counts against the

defendant, Counts One, Two, Five, and Six, will be dismissed pursuant to

Fed. R. Crim. P. 11(c)(1)(A).

5.    No Further Charges

If the Court accepts this plea agreement, the United States

Attorney's Office for the Middle District of Florida agrees not to charge

defendant with committing any other federal criminal offenses known to the

Defendant's Initials _____     3

United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.  <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 2259, defendant agrees to make full restitution to minor victims one and two.

7.  <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.  <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to

Defendant's Initials _____   4

USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this plea agreement, including, but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the

Defendant's Initials _____    5

charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and

Defendant's Initials _____      6

the defendant agrees that defendant cannot and will not challenge that

determination, whether by appeal, collateral attack, or otherwise.

10.   Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no

self-incriminating information which the defendant may provide during the

course of defendant's cooperation and pursuant to this agreement shall be used

in determining the applicable sentencing guideline range, subject to the

restrictions and limitations set forth in USSG §1B1.8(b).

11.   Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other

relevant authorities the nature and extent of defendant's cooperation and any

other mitigating circumstances indicative of the defendant's rehabilitative

intent by assuming the fundamental civic duty of reporting crime.  However,

the defendant understands that the government can make no representation

that the Court will impose a lesser sentence solely on account of, or in

consideration of, such cooperation.

b.    It is understood that should the defendant knowingly

provide incomplete or untruthful testimony, statements, or information

pursuant to this agreement, or should the defendant falsely implicate or

incriminate any person, or should the defendant fail to voluntarily and

Defendant's Initials _____                7

unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court,

Defendant's Initials _____     8

prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)   The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)   The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)   The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the

Defendant's Initials _____          9

United States, the United States may move the Court to declare this entire plea agreement null and void.

12.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.   The assets to be forfeited specifically include, but are not limited to, the following: a Samsung Galaxy Note 8 (IMEI 358503081375421)) smartphone.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.   The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the

Defendant's Initials           10

forfeiture of the property sought by the government.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Fed. R. Crim. P. 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing

Defendant's Initials _____   11

of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this plea agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The defendant expressly consents to the forfeiture of any substitute assets sought by the government.

Defendant's Initials _____      12

The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the plea agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds, is collected in full.

Defendant's Initials           13

13.   Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.   Standard Terms and Conditions**

1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses

Defendant's Initials _____   14

described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

2.    <u>Supervised Release</u>

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the



conditions of release, the defendant would be subject to a further term of imprisonment.

3.    <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

Defendant's Initials     16

States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this plea agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials _____        17

6.  Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.  Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly

Defendant's Initials         18

waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

     8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _____     19

9.   Filing of Agreement

  This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   Voluntariness

  The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the

Defendant's Initials _____  20

attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea

Defendant's Initials     21

and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 22nd day of January, 2020.

MARIA CHAPA LOPEZ
United States Attorney


TODD JOSEPH SIMMERMAN
Defendant

Karen L. Gable
Assistant United States Attorney


Charles E. Taylor, Jr., Esquire
Attorney for Defendant

Sara C. Sweeney
Assistant United States Attorney
Deputy Chief, Orlando Division

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO. 6:19-cr-219-Orl-37DCI

TODD JOSEPH SIMMERMAN

PERSONALIZATION OF ELEMENTS

Counts Three and Four:

1.      Was an actual minor, that is, a real person who was less than 18 years old, depicted?

2.      Did you use, persuade, induce, entice or coerce the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct?

3.      Did you know or have reason to know that the visual depiction would be transported in interstate or foreign commerce, or that the visual depiction was produced using materials that had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer, or that the visual depiction was mailed or actually transported in interstate or foreign commerce?

Count Seven:

1.      Were you required by the laws of Florida to register as a sex offender when you committed the felony offenses involving a minor as charged in Counts Three and Four of the Indictment?

Defendant's Initials           23

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:19-cr-219-Orl-37DCI

TODD JOSEPH SIMMERMAN

FACTUAL BASIS

On October 8, 2013, the defendant, Todd Joseph Simmerman, was
convicted in the Tenth Judicial Circuit, Polk County, Florida, of traveling to
meet a child to engage in unlawful sexual conduct after using a computer to
lure a child, in violation of F.S. § 847.0135, and unlawful use of a 2-way
communication device, in violation of F.S. § 934.215.  The Honorable John
K. Stargel, Circuit Judge, sentenced the defendant to two years in state prison,
and ordered him to register as a sex offender pursuant to the provisions of F.S.
§ 943.0435(1)(a).  At the time he committed the offenses in Counts Three and
Four of the Indictment, the defendant was required to register as sex offender
under the laws of Florida.

In or about December 2018, the defendant met MV1 on snapchat, when
MV1 was 15 years-old.  The defendant hired MV1 to babysit his children at
his computer and phone repair store, iDeclare Repair, in Cocoa, Florida.
Thereafter, the defendant enticed and persuaded MV1 to engage in sexually

Defendant's Initials _____        24

explicit activity with him and others at his store, and recorded the activity using his Samsung Galaxy Note 8 smartphone.

On May 30, 2019, the Brevard County Sheriff's Office arrested the defendant for failing to register his cell phone on his sex offender registration forms in violation of F.S. § 943.0435(4)(e)(2) and seized his Samsung Galaxy Note 8 smartphone, which was manufactured in China. A forensic examiner conducted an analysis of the smartphone, and located the text communications and images of sexually explicit activity described below.

<u>Count Three</u>

In or about February 2019, the defendant drove MV1 and MV2 to his business in Cocoa, Florida. MV2, who was 15 years-old at the time, was friends with MV1. While at the repair shop, the defendant enticed and persuaded MV1 and MV2 to engage in sexually explicit activity, including oral sex, and produced images of the conduct using his Samsung smart phone.

A forensic examiner located three images of the illicit encounter on the phone. One image shows MV1 and MV2 naked, on their knees holding their tongues out, and the defendant standing over them holding his erect penis. A second image depicts the same pose, with MV1's face splattered with semen. The third image depicts the same pose, but MV1 and MV2 both have semen on their faces.

Defendant's Initials       25

Thereafter, the defendant continued to engage MV2 in sexually explicit activity, and produced depictions of at least one of the encounters using his smart phone.  The defendant knew that MV2 was 15 years-old.

Count Four

On or about May 17, 2019, the defendant made plans to drive MV1 to his repair shop to have sex.  While the defendant was driving to MV1's location, the defendant also arranged for another user on Kik to have sex with MV1.  The defendant communicated on Kik, using the name creampiemaker28_4fm.  During the communications, the defendant sent the user a clothed picture of himself and MV1, followed by two sexually explicit images of MV1 that the defendant had taken on January 26, 2019 with his Samsung Galaxy phone.  The forensic examiner located the following text communication between the defendant, using the user name creampiemaker28_4fm, and the Kik user on the defendant's phone following the Kik user's receipt of the images:

> Kik user: Im doooown
> **creampiemaker28**: Shes 18 can u come to cocoa village?
> Kik user: Yea
> **creampiemaker28**: Ok let me go get her then and come back
> Kik user: leta talk details real quick
> **creampiemaker28**: She loves creampies and DVP
> **creampiemaker28**: Sucking cock is good
> Kik user: She clean and birth control and all that

Defendant's Initials _____    26

**creampiemaker28**: Loves her pics taken while being fucked discreet ofcourse
**creampiemaker28**: Yes and yes
Kik user: Sounds to good to be true almost lol
**creampiemaker28**: Lol I promise it's not its real
Kik user: Aight aight dude sounds amazing
Kik user: Gotta work at 5 but fuck it
**creampiemaker28**: ok
Kik user: Don't habe service on my phone so were we meeting?
**creampiemaker28**: When we fuck her push her legs back and get deep but where I can see your cock going in and out so I can get good pics
**creampiemaker28**: My shop
**creampiemaker28**: iDeclare Repair

Subsequently, the user stated that he wanted to see the victim's ID before he met with them. The defendant replied, "Shes looking for it now. Well this is a bummer she cant find it... Well sorry to waste your time. Thanks anyway."

Later that evening, the defendant met MV1 and drove MV1 to his repair shop, where he persuaded and enticed MV1 to engage in sexual intercourse and recorded it using his Samsung Galaxy phone. The forensic examiner located the video on the defendant's Samsung phone. During the illegal sexual activity, the following conversation occurred between the defendant and MV1:

**Defendant**: You like that big dick?
Victim: Yes daddy.

Defendant's Initials            27

**Defendant**: How old are you baby?

Victim: Fifteen daddy.

**Defendant**: You gonna take some loads tonight, huh?

Victim: Uh huh.

**Defendant**: I have a few friends coming, yeah.

Victim: uh huh.

**Defendant**: You've done this once or twice, huh?

Victim: Uh huh.

**Defendant**: You like it when I film you.

Victim: Yes daddy.

During the illegal encounter, the defendant also called MV1 "my little fucking minor."